IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 19-10076-JWB

AUSTIN BALLEW,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss various counts. (Doc. 24.) The government has filed its response and the matter is ripe for review. (Doc. 25.) For the reasons stated herein, the motion is DENIED.

**I. Background**

Defendant is charged in a 15-count indictment with six counts of sexual exploitation of a child (18 U.S.C. § 2252(a) and (e)), eight counts of sex trafficking of a minor (18 U.S.C. § 1951(a)(1) and (b)(2)), and one count of transfer of obscene material to a minor (18 U.S.C. § 1470). (Doc. 1.) Defendant moves to dismiss all of the sex trafficking counts (counts 2, 4, 5, 7, 9, 12, 14, and 15) because "[a]ssuming the government's allegations are true, they fail to meet the legal definition of sex trafficking." (Doc. 24 at 7.)

Section 1591, entitled "Sex trafficking of children or by [sic] force, fraud, or coercion," provides in part:

> (a) Whoever knowingly … in or affecting interstate or foreign commerce, … solicits by any means a person … knowing… that means of force, threats of force, fraud, coercion …, or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the

age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). Subsection (b)(1) provides for imprisonment of fifteen years to life if, among other things, the offense was effected by means of force, fraud, or coercion, or if the person solicited had not attained the age of 14 years at the time of the offense. Subsection (b)(2), which is cited in the counts against Defendant, provides for imprisonment of ten years to life "if the offense was not so effected, and the person … solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense…." 18 U.S.C. § 1591(b)(2). Section 1594 of the same title further provides that "[w]hoever attempts to violate section … 1591 shall be punishable in the same manner as a completed violation of that section." A commercial sex act is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3).

The sex trafficking charges against Defendant in the indictment all allege, in essence, that on or about a certain date in the District of Kansas, Defendant "knowingly solicited, and attempted to do so, a person under 18 years of age … knowing that [the minor] had not attained the age of 18 years and would be caused to engage in a commercial sex act, and did so in and affecting interstate and foreign commerce…."

Defendant's motion, citing "facts … taken from discovery provided to Mr. Ballew by the government," alleges that the charges are based on a Facebook account created by Defendant and on communications exchanged on that account. (Doc. 24 at 1-2.) Defendant's motion alleges that Defendant did not have sexual contact with any minor and no sex occurred between a minor and any other person based on these communications. (*Id.*) Defendant argues the government's allegations "do not establish sex trafficking's *will be caused to engage in a commercial sex act* element" because that element "requires the government to prove that a commercial sex act

happened or was about to occur based on the defendant's sex trafficking plan." (*Id.* at 3.) He contends the government "has not produced any evidence of an actual trafficking operation being operated or utilized," and the government's "factual allegations [therefore] fail to establish the legal elements of the offense." (*Id.* at 7.)

**II. Analysis**

Rule 12 allows a party to raise any objection or request by pretrial motion that the court "can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Issues that must be raised before trial include defects in the indictment, including failure to state an offense. Fed. R. Crim. P. 12(b)(3). Rule 12 "permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the offense.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington,* 395 U.S. 57, 60 (1969)). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Id.* (emphasis in original.) Thus, a court may entertain motions that require it to answer only pure questions of law, and it may consider motions to dismiss that require consideration of facts outside the indictment in the following limited circumstances: 1) the operative facts are undisputed and (2) the government fails to object to the district court's consideration of those undisputed facts, and (3) the district court can determine from the undisputed facts that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. *Id.* at 1260-61 (citations omitted.)

Insofar as Defendant is challenging whether the sex trafficking charges in the indictment fail to state an offense, the court rejects that argument. "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge,

3

but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). "[A]n indictment is considered sufficient 'if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy challenge." *United States v. Barrett*, 496 F.3d 1079, 1092 (10th Cir. 2007) (quoting *Todd*, 446 F.3d at 1067). The indictment here is sufficient to satisfy that standard. It alleges each element of an offense under § 1591(a)(1) in language almost identical to the statute, including that Defendant engaged in solicitation of a minor knowing that the minor "would be caused to engage in a commercial sex act."[1] As Defendant implicitly concedes by arguing that a commercial sex act "about to occur" can form the basis of an offense, section 1591(a) does not require the government to prove that a commercial sex act in fact occurred. *See United States v. Wearing*, 865 F.3d 553, 556 (7th Cir.), *cert. denied*, 138 S. Ct. 522 (2017) ("Congress chose the future tense – a choice that is inconsistent with the notion that a commercial sex act must have already happened before a violation can be shown…. [I]t describes the acts that the defendant intends to take – that is, that he means to 'cause' the minor to engage in commercial sex acts."); *United States v. Paul*, 885 F.3d 1099, 1103 (8th Cir. 2018) (same); *United States v. Weise,* 606 F. App'x 981, 988 (11th Cir. 2015) ("To preserve the meaning of the future-tense verbs in the statute, this Court must read the statute to mean that completion of a victim's sex act is not necessary to a conviction."); *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013). The allegations in the indictment, if true, are sufficient to establish a violation of § 1591(a).

---

[1] The indictment alleges that Defendant acted knowing that a minor "would be" caused to engage in a commercial sex act, whereas the statute refers to a person who acts knowing that a minor "will be" caused to engage in such an act. Although these two terms can have different meanings, in the context of this offense the difference is not material, and the use of "would be" may be more grammatically correct in the context of an attempt to commit the offense, where an intended sex act did not occur. *See United States v. Poole,* 929 F.2d 1476, 1479 (10th Cir. 1991) ("An indictment is not insufficient merely because it fails to recite the precise language of the statute.")

4

Insofar as Defendant's motion claims the government "has not produced any evidence" (Doc. 24 at 7) to prove the allegations in the indictment, that is clearly a merits-based challenge that the court has no authority to determine under Rule 12. The parties' briefs show the instant motion is not based upon undisputed facts; it is based on contested facts concerning Defendant's knowledge and intent at the time of the alleged offenses. The government has no obligation to produce its evidence in a pretrial proceeding to show that Defendant is guilty of the charged offenses. That is obviously the purpose of the trial. If the government fails to produce evidence at trial sufficient to sustain a conviction, Defendant may move for judgment of acquittal after the government presents its evidence. Fed. R. Crim. P. 29(a).

### III. Conclusion

Defendant's motion to dismiss counts (Doc. 24) is DENIED. IT IS SO ORDERED this 30th day of October, 2019.

\_\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE