FILED
U.S. District Court
District of Kansas

DEC 17 2019

Clerk, U.S. District Court
By_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

    Case No. 19-10076-JWB

AUSTIN BALLEW

        Defendant.

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Jason W. Hart, and the defendant, Austin Ballew, personally and with his counsel, Jennifer Amyx, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 1, 3, 8, 11, and 13 of the Indictment, charging violations of 18 U.S.C. § 2251(a), that is, Sexual Exploitation of a Child, as well as Count(s) 5, 7 and 15 of the Indictment, charging violations of 18 U.S.C. §1591(a)(1), that is Sex Trafficking of a Minor. By entering into this plea agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s). The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than thirty (30) years nor less than fifteen (15) years of imprisonment, a fine of up to $250,000, a term of supervised release of up to life and not less than five (5) years, a $100.00 mandatory special assessment, and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The defendant

understands that the maximum sentence which may be imposed as to each of Counts 3, 8, 11, and 13 of the Indictment, are the same as for Count 1. The defendant understands that the maximum sentence which may be imposed as to Count 5 of the Indictment to which he has agreed to plead guilty is not more than life nor less than ten (10) years of imprisonment, a fine of up to $250,000, a term of supervised release of up to life and not less than five (5) years, a $100.00 mandatory special assessment, and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The defendant understands that the maximum sentence which may be imposed as to each of Counts 7 and 15 of the Indictment, are the same as for Count 5. Additionally, the defendant understands that the sentences imposed for Counts 1, 3, 5, 7, 8, 11, 13 and 15 of the Indictment may be made to run consecutive (one after the other), or may be made to run concurrent (at the same time).

2.     **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On August 25, 2018, the defendant Austin Ballew began operating a Facebook account under the name "Deandre Johnson," posing as an African-American teenager/young adult. During the month of September 2018, from his residence in Cherryvale, Kansas, the defendant used the account to contact and communicate with many minor females in Southeast Kansas, requesting sexually explicit photos and videos of the minors and also offering money for the performance of sex acts by the minors.

> The activity was brought to light by the report of a minor and the minor's parent, who contacted the Independence Police Department (IPD). Det. Vining of the IPD obtained a search warrant to Facebook account of "Deandre Johnson," which revealed numerous other minor females being solicited for sex acts and child pornography. Information associated with the account returned to the defendant's email, phone, and residential IP address. During a subsequent interview, the defendant admitted to operating the "Deandre Johnson" account.

> Specifically, as to Count 1 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 1 on September 18, 2018, and learned she was a minor. In subsequent communication on September 18, 2018, the defendant proposed "I'll personally pay u $2000 for ur virginity" and offered to pay $990 for a video of Minor Victim 1 masturbating.

2

Minor Victim 1 did not comply. At the time of the defendant's communications, Minor Victim 1 was a 16 year old minor (born in 2002) in Independence, Kansas.

As to Count 3 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 2 on September 2, 2018, and learned she was a minor. On September 2, 2018, the defendant told Minor Victim 2 ""i'd about pay for help" with his erection "like would u help me cum," and offers $500 for "nudes maybe u fingering." He sends a picture of a Walmart receipt for a money order, blocking out the password as a bargaining chip. He demands pictures of Minor Victim 2's genitals, saying "I'll burn this fucking recipt and jump off a bridge idgaf" to which Minor Victim 2 complies and sends a video of her genitals. The defendant then tells Minor Victim 2 "Your gonna do what your told when your told from now on" and "I own you now do you understand." At the time of the defendant's communications, Minor Victim 2 was a 16 year old minor (born in 2002) in Independence Kansas.

As to Count 5 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 3 on September 16, 2018, and learned she was a minor. Despite Minor Victim 3 pointing out his false identity, defendant asked Minor Victim 3 "are u single? or a virgin? I could make u like $500 but uk." Minor Victim 3 rejected his solicitation to engage in a commercial sex act, to which the defendant responded "If u decide u want $900 just lmk" nearly doubling the offer. At the time of the defendant's communications, Minor Victim 3 was a 14 year old minor (born in 2003) in Coffeyville, Kansas.

As to Count 7 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 4 on September 10, 2018, asking if she'd engage in a sex act if she got paid. Minor Victim 4 did not see the messages until later, and on September 15, 2018, the defendant learned Minor Victim 4 was a minor. Over the next three days (to September 18), the defendant continued offering money and marijuana to Minor Victim 4 for the performance of various sex acts, including oral sex and sexually penetrative acts, as well as the creating of sexually explicit videos. At the time of the defendant's communications, Minor Victim 4 was a 17 year old minor (born in 2001) in Cherryvale, Kansas.

As to Count 8 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 5 on September 19, 2018, and learned she was a minor. The defendant sent messages asking if Minor Victim 5 was a virgin, if she'd like to make money, if she masturbated, and "would u let someone finger u if u were paid." The defendant sent Minor Victim 5 pictures of an erect African-American penis in order to get Minor Victim 5 to send pictures of her exposed breasts. After much persistence, the Minor Victim 5 complied, to which the defendant responded "You gonna play with ur pussy" and "Can I see more we can swap more pics." At the time of the defendant's communications, Minor Victim 5 was a 14 year old minor (born in 2004) in Coffeyville, Kansas.

As to Count 11 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 6 on September 7, 2018, asking "want to make hella money boo." The defendant already knew Minor Victim 6 was a minor, having been rebuffed by her in real life. On September 11, 2018, the defendant offered $900 for the performance of sex acts and the creation of a video of Minor Victim 6 engaged in sex acts. After Minor Victim 6 sent a video of her engaged in a sex act with another individual, the defendant complained it was short and demanded another video. When Minor Victim 6 complained about the defendant's failure to pay, he threatened "ill make sure ur plastered online so people hit u up." At the time of the defendant's communications, Minor Victim 6 was a 17 year old minor (born in late 2000) in Coffeyville, Kansas.

As to Count 13 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 7 on September 2, 2018, and learned she was a minor. The defendant asked if Minor Victim 7 was a virgin and if she wanted to make some money "because I have like $1,000 I don't need and your hot as fuck". He asked "would you be interested in possibly selling a couple nudes for hella cash." Minor Victim 7 put him off. The defendant repeated his offers on two later dates. At the time of the defendant's communications, Minor Victim 7 was a 14 year old minor (born in 2003) in Burden, Kansas.

As to Count 15 of the Indictment, the Facebook records show the defendant, posing as "Deandre Johnson," contacted Minor Victim 8 on September 6, 2018, and learned she was a minor. In his communication with Minor Victim 8, he asked her "wanna make some money" and "u willing to sell nudes." At the time of the defendant's communications, Minor Victim 8 was a 16 year old minor (born in 2002) in Wichita, Kansas.

The defendant acknowledges that his communications, via Facebook, were in and affecting interstate commerce and that any visual depictions were or would have been transmitted using a facility of interstate commerce, that being Facebook's messaging service and the internet itself.

3.     **Proposed Rule 11(c)(1)(C) Sentence.**   The parties propose, as an appropriate

disposition of the case:

        (a)     a total sentence that is within the range of 15-25 years in prison on Counts 1, 3,

              5, 7, 8, 11, 13 and 15 of the Indictment;

        (b)     a five (5) year term of supervised release;

        (c)     no fine;

(d)     the mandatory special assessment of $100.00 per count of conviction, for a total of $800.00; and

(e)     restitution, if requested by any victim for Counts 1, 3, 5, 7, 8, 11, 13 and 15, and in an amount determined by the Court.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.      **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the Indictment at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment. Specifically, the United States will dismiss Counts 2, 4, 6, 9, 10, 12, and 14 of the Indictment.

5

6.     **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings.  The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7.     **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence.  It is

solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.  If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea.  If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9.      **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.**  The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a)     Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change.  Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns.  The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case.  Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b)     Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.  Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct

a full financial investigation.  Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c)   Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination relating to his financial circumstances.

(d)   Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office.  All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)   Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)   Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States.  Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)   If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h)   Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i)   Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(j)   Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k)   Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately

included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(l)      Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

10.      **_Restitution._** At this time, the victims associated with Counts 1, 3, 5, 7, 8, 11, 13 and 15 of the Indictment have not submitted requests for restitution, but may do so prior to sentencing. The defendant understands that restitution is mandatory for the offenses in Counts 1, 3, 5, 7, 8, 11, 13 and 15, pursuant to 18 U.S.C. §§2259 and 1593.

11.      **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12.      **_Waiver of Appeal and Collateral Attack._**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including restitution, the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify

9

or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14.     **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject

10

only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15.     **Megan's Law/Adam Walsh Act Notice.**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16.     **Parties to the Agreement.**  The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17.     **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

18.     The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


JASON W. HART
Assistant United States Attorney                                    Date: 12/17/19


LANNY D. WELCH
Supervisor                                                          Date: 12/17/19


CARRIE CAPWELL
Criminal Chief                                                      Date: 12/17/19


AUSTIN BALLEW
Defendant                                                           Date: 12/17/19


JENNIFER AMYX
Assistant Federal Public Defender
Counsel for Defendant                                               Date: 12/17/19